# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**STACY MACKEY,**
**Claimant Below, Petitioner**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0242** (BOR Appeal No. 2050716)
(Claim No. 2014030080)

**KOHL'S DEPARTMENT STORE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stacy Mackey, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kohl's Department Store, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 12, 2016, in which the Board reversed a July 14, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 2, 2014, decision denying authorization for additional physical therapy treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Mackey, a merchandiser, was injured in the course of her employment on April 2, 2014, when she lifted some men's suits over her head to a railing. The claims administrator held the claim compensable for a neck sprain on April 23, 2014, and Ms. Mackey was treated conservatively with physical therapy treatments from May 2, 2014, through September 15, 2014.

1

On September 18, 2014, Ms. Mackey underwent an independent medical evaluation performed by Joseph E. Grady II, M.D. Dr. Grady found that Ms. Mackey had reached maximum medical improvement and did not require further treatment. Her range of motion was normal, and she had no residual impairment as a result of the compensable injury. He noted that if Ms. Mackey re-exacerbated her injury, she may benefit from additional physical therapy. On October 1, 2014, Ms. Mackey saw Dr. Grady because she was dissatisfied that her physical therapy treatments had ceased. Dr. Grady explained to her that he did not believe additional physical therapy sessions would resolve her symptoms. Dr. Grady wrote a letter to supplement his prior report and stated that he did not recommend additional physical therapy treatments. He stated that Ms. Mackey's compensable injury was a neck sprain, and the official guidelines state that she was entitled to ten visits over eight weeks. Ms. Mackey had already met or exceeded those guidelines.

On October 29, 2014, Ms. Mackey was treated by Justin Morgan, PA-C. Mr. Morgan noted that there was no tenderness and Ms. Mackey had normal strength against resistance in the neck and shoulder. He stated that she had a muscle spasm over the trapezius muscle and diagnosed a neck sprain/strain. Mr. Morgan recommended physical therapy. The claims administrator denied Ms. Mackey's request for additional physical therapy treatments on December 2, 2014, based on Dr. Grady's recommendation.

The Office of Judges reversed the claims administrator's decision on July 14, 2015. The Office of Judges found that Dr. Grady stated in his September 18, 2014, evaluation that Ms. Mackey may benefit from additional physical therapy treatments if she re-exacerbated her injury. It found that this was in contradiction to his supplemental letter in which he stated he did not recommend additional physical therapy because Ms. Mackey had reached maximum medical improvement. The Office of Judges determined Dr. Grady's letter was not credible and granted Ms. Mackey physical therapy treatments three times a week for six weeks.

The Board of Review reversed the Office of Judges' Order on February 12, 2016. The Board of Review determined that the Office of Judges erred in its reasoning and conclusions. On the date of injury Ms. Mackey indicated that she injured her neck and shoulder. The medical provider diagnosed a neck sprain and the claims administrator held the claim compensable for neck sprain. In his independent medical evaluation, Dr. Grady determined that Ms. Mackey had reached maximum medical improvement and suffered no impairment from the compensable injury. He did not recommend additional treatment. Dr. Grady again stated that opinion in a letter written after Ms. Mackey saw him and complained about the cessation of physical therapy treatments. Ms. Mackey had met or exceeded the official guidelines of recommended treatment for a neck sprain. Ms. Mackey had only ever been diagnosed with a neck sprain, and she reached maximum medical improvement for that injury. The Board of Review found that she failed to prove she was entitled to additional physical therapy and concluded that additional treatment was not medically necessary or reasonably required to treat the compensable injury.

We agree with the reasoning and conclusions of the Board of Review. Ms. Mackey was diagnosed with a neck sprain and received conservative treatment for it over the course of fifteen weeks. Dr. Grady determined that she reached maximum medical improvement and that her

injury was completely resolved. Ms. Mackey failed to meet her burden of proof showing she was entitled to additional treatments beyond what she had already received for the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker